SARAH A. NIEBUHR, Respondent, *v.* HYMAN SONN and HENRY SONN, Appellants.

*Action to recover unliquidated damages for a breach of contract — the damage must be alleged or be inferable.*

An action cannot be sustained to recover unliquidated damages for a breach of a certain contract by the defendants where there is no allegation in the complaint that such breach caused the plaintiff any damage, and no fact is alleged from which such damage can be presumed.

APPEAL by the defendants, Hyman Sonn and another, from an interlocutory judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 1st day of February, 1898, upon the decision of the court rendered after a trial at the New York Special Term overruling the defendants' demurrer to the plaintiff's complaint, interposed on the ground that the complaint did not state facts sufficient to constitute a cause of action, and also from an order entered in said clerk's office on the 1st day of February, 1898, overruling said demurrer.

*Sol. Kohn*, for the appellants.

*M. E. Duffy*, for the respondent.

INGRAHAM, J.:

This complaint is drafted upon a somewhat original principle.

The pleader seems to have thought that if he alleged that the plaintiff's assignor negotiated mortgages and the sales of the real estate described in the complaint, and that the defendants refused to place the mortgages and to make the sales, in some way the defendants would be liable. The action cannot be sustained to recover unliquidated damages for a breach of a contract by the defendants as there is no allegation in the complaint that the breach of either of the several contracts which it was alleged the defendants violated caused the plaintiff any damage, and no fact is alleged from which such damage can be presumed. The first agreement that is alleged is one between the defendants and the plaintiff's assignor, by which the defendants agreed to sell and convey to the plaintiff certain property described in the complaint. This contract the defendants seem to have carried out by the conveyance of the property. The next agreement alleged is one by which the plaintiff's assignor was to erect nine houses upon the property conveyed, and the defendants were to make a building loan to the plaintiff's assignor during the construction of the building. The complaint then alleges that the plaintiff's assignor completed a number of the houses and did certain work upon others of them, but was prevented from completing the houses on One Hundred and Thirteenth street by the defendants. It is not alleged that the defendants did not comply with their agreement as to the building loan, and just how they prevented the plaintiff from completing the four houses on One Hundred and Thirteenth street is not alleged The complaint then alleges that the plaintiff's assignor had negotiated for the sale of the One Hundred and Twelfth street houses and entered into a written contract therefor which was made and entered into with the knowledge, consent, suggestion, authority and privity of the defendants, and acquiesced in by the defendants; and that said negotiations and procurement of the sale of these five houses were accepted by the defendants, and they agreed to pass title under said contract, but that the passing of title to these five houses to the purchaser was prevented by the defendants. Just how, is not stated, and it is not alleged that preventing " the passing of title " caused any damage to the plaintiff. The complaint then alleges that at and about the same time, " with the knowledge, consent, suggestion, authority and privity of defendants and by

special agreement made with the plaintiff's assignor and defendants, plaintiff's assignor negotiated for the placing of permanent mortgages and loans on the said aforesaid nine houses, and that the defendants, notwithstanding all to the contrary as did plaintiff's assignor, did accept the placing of the permanent mortgages procured by plaintiff's assignor, but that plaintiff's assignor was prevented from placing said mortgages by defendants." It is difficult to understand just what this means. It is not alleged how the defendants prevented placing the permanent loans, and no damage is alleged to have been caused to the plaintiff's assignor by such action of the defendants. The complaint then alleges that the defendants, "notwithstanding the agreement heretofore entered into for the erection of these houses, waived the conditions therein contained, and represented and stated to plaintiff's assignor to go ahead and make the sale of the houses and to negotiate for the placing of permanent mortgages and for the sale, which plaintiff's assignor did, and that defendants promised and agreed to pay to plaintiff's assignor the equity which plaintiff's assignor had in said premises amounting to the sum of $48,000." The complaint then alleges that the defendants, "notwithstanding their agreement with plaintiff's assignor to carry out the placing of the said mortgages and the sale of the houses heretofore referred to and to pay plaintiff's assignor the said equity which they had agreed, refused to place the mortgages and refused to make the sale so that plaintiff's assignor was unable to give title to the said five houses under the contract heretofore referred to, and was also prevented from placing upon the said houses the loans and mortgages accepted, and refused to make payment of the equity of plaintiff's assignor although payment had been demanded;" and that thereafter "defendants did accept and place upon these houses the loans procured by plaintiff's assignor and thereafter sold the premises described in this complaint." The plaintiff then demanded judgment against the defendants for the sum of $48,000, together with the costs of this action.

The demurrer was overruled by the court below on the ground that "the complaint, in substance, alleges that the defendants promised to pay plaintiff's assignor $48,000 in consideration of plaintiff's assignor doing certain things and that plaintiff's assignor did those things. This constitutes the allegation of a cause of action."

We are unable to read into this complaint such a cause of action. The only allegation of any promise of the defendants to pay to the plaintiff this sum of $48,000 is that contained in the 8th paragraph of the complaint before referred to. So far as we can understand this clause of the complaint, it alleged a waiver of conditions contained in the contract for the erection of these houses, a contract that is not before referred to in the complaint, and alleged that the defendants requested the plaintiff's assignor to go ahead and make the sale of the houses and to negotiate for the placing of permanent mortgages and for the sale, which plaintiff's assignor did. There is no allegation here that such negotiations were successful, or that the plaintiff's assignor succeeded in placing permanent mortgages or in selling the property. It is simply an allegation that he negotiated therefor, and, then, that the defendants promised and agreed to pay to plaintiff's assignor the equity which plaintiff's assignor had in the premises, amounting to $48,000. But there is no allegation that the plaintiff's assignor agreed to convey such equity to the defendants, or that this sum of $48,000 was to be paid in consideration of such conveyance. Nor is there any allegation in the complaint that the plaintiff's assignor, or the plaintiff, tendered such a conveyance to the defendants. The 9th clause of the complaint alleged that the defendants refused to place the mortgages or to make the sale, so that plaintiff's assignor was unable to give title to the said five houses under the contract theretofore referred to, and was also prevented from placing upon said houses the loans and mortgages, and refused to make payment of the equity of the plaintiff's assignor, although payment had been demanded. It is not alleged how the defendants' refusal to make the sale prevented the plaintiff's assignor from giving title to said five houses, or how anything that the defendants did prevented plaintiff from placing upon the houses the loans and mortgages as accepted; nor is it alleged that such refusal caused the plaintiff any damage; nor does it appear that this action should be treated as an action upon an agreement to convey an equity in real estate, for the plaintiff has failed to allege that he tendered a conveyance of such real estate, or was able to make such a conveyance. He, therefore, fails to allege a fact essential to entitle him to recover the amount of the consideration agreed to be paid for such conveyance. The title of this property having been

vested in the plaintiff's assignor by the conveyance alleged in the 2d paragraph of the complaint, it is not alleged how any acts of the defendants could have prevented the plaintiff's assignor from either obtaining loans upon the property, or selling the property, or how the defendants, who, upon the allegations of the complaint, were not the owners of the property, could have accepted and placed upon these houses loans procured by plaintiff's assignor.

We are unable to see, therefore, that any cause of action was alleged in this complaint, and for that reason the demurrer should be sustained.

The judgment is, therefore, reversed, with costs to the appellants, and the demurrer sustained, with costs, with leave to the plaintiff to amend within twenty days upon payment of the costs in the court below and in this court.

VAN BRUNT, P. J., BARRETT, RUMSEY and McLAUGHLIN, JJ., concurred.

Judgment reversed, with costs to appellants, and demurrer sustained, with costs, with leave to plaintiff to amend on payment of costs in court below and in this court.